IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KEVIN J. DINSMORE and TREENA  
K. DINSMORE, aka TREENA K.  
EDWARDS,

        Plaintiffs,

  v.

RELIABLE CREDIT ASSOCIATION,  
INC., and JOHN DOE,

        Defendants.

Civil No. 11-6182-AA  
OPINION AND ORDER

---

Keith D. Karnes  
Olsen Daines, P.C.  
3995 Hagers Grove Road SE  
P.O. Box 12829  
Salem, Oregon 97309  
    Attorney for plaintiffs

Kimberly Hanks McGair  
Margot D. Lutzenhiser  
Farleigh Wada Witt  
121 S.W. Morrison St., Suite 600  
Portland, Oregon 97204  
    Attorneys for defendant Reliable  
    Credit Association, Inc.

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant Reliable Credit Association, Inc. ("Reliable") filed a motion to dismiss plaintiffs' claims for insufficient service of process, failure to state a claim upon which relief can be granted, and lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b). For the reasons set forth below, Reliable's motion is granted.

## BACKGROUND

Reliable is a consumer finance company licensed to do business in Oregon. On August 22, 2009, plaintiffs entered into a contract to purchase a vehicle, wherein Reliable agreed to finance the purchase. Over the next ten months, plaintiffs maintained possession of the vehicle and made numerous payments to Reliable on the loan, some of which were late or partial payments.

On July 7, 2010, Reliable hired a third-party company ("defendant John Doe") to repossess the vehicle at plaintiffs' residence. Plaintiffs' minor daughter returned to the home while defendant John Doe was attempting to repossess the vehicle. Defendant John Doe refused to let plaintiffs' daughter enter the home unless plaintiffs agreed to release the vehicle. Plaintiffs contacted the police to resolve the situation. When the police arrived, defendant John Doe permitted plaintiffs' daughter to enter the residence.

On May 31, 2011, plaintiffs filed this action, alleging: 1) violations of the Fair Debt Collection Practices Act

("FDCPA"); 2) violations of the Oregon Unlawful Debt Collections Practices Act ("OUDCPA"); and 3) false imprisonment. Plaintiffs seek damages, statutory damages under the FDCPA, and an order enjoining defendants from further violations of OUDCPA.

On August 3, 2011, Reliable filed a motion to dismiss plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b). Any opposition by plaintiffs was due August 15, 2011. Now, over six weeks later, defendant's motion stands unopposed.

## STANDARDS

Where the plaintiff effectuates insufficient service of process, the court must dismiss the action. Fed. R. Civ. P. 12(b)(5). When a defendant challenges service, the plaintiff bears the burden of establishing the validity of that service. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004).

Similarly, where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For the purpose of a motion to dismiss, the complaint is liberally construed in favor of the plaintiffs, and its allegations are taken as true. Rosen v. Walters, 719 F.2d 1422, 1424 (9th Cir. 1983). Bare assertions, however, that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1951 (2009).

Page 3 - OPINION AND ORDER

**DISCUSSION**

Reliable moves to dismiss plaintiffs' complaint under two theories. First, Reliable asserts that service of process did not follow Fed. R. Civ. P. 4 and, thus, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(5). Second, Reliable contends that plaintiffs fail to state a claim upon which relief can be granted and, therefore, dismissal is proper pursuant to Fed. R. Civ. P. 12(b)(6). Moreover, Reliable requests that this Court abstain from exercising supplemental jurisdiction over plaintiffs' state law claims assuming that plaintiffs' federal claim is dismissed.

I. Service of Process

Reliable contends that plaintiffs' service of process was insufficient; specifically, plaintiffs failed to perfect service by mailing the requisite documents to Reliable's registered agent, Lee M. Holzman. Because agent service failed, and service was otherwise improper under Fed. R. Civ. P. 4 and Or. R. Civ. P. 7D, Reliable argues that plaintiffs' claims should be dismissed.

It is undisputed that Mr. Holzman is Reliable's registered agent and that the address listed for Mr. Holzman in the summons is accurate. It is further undisputed that plaintiffs filed a certificate of service with this Court on June 1, 2011, confirming that the summons and complaint were sent, via first class and certified mail, to Mr. Holzman. Finally, it is undisputed that Reliable received notice of plaintiffs' claims. Thus, Reliable's sole contention is that the summons and proof of service are incorrect and do not accurately reflect the manner in which service

Page 4 - OPINION AND ORDER

actually occurred.

This Court declines to second guess the accuracy of court documents, in this case the summons and certificate of service, without evidence that such documents are in error. Reliable has failed to provide any such evidence, other than merely speculating that "[p]laintiffs may have mailed the Summons and Complaint to a branch office located in Salem, Oregon" rather than to Mr. Holzman. Def.'s Mot. to Dism. 4. This allegation is insufficient, as a matter of law, to constitute a reasonable challenge to the sufficiency of service. Therefore, based on the record before the Court, I find no grounds to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(5).

## II. Failure to State a Claim

Reliable next asserts that plaintiffs' federal claim should be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Reliable asserts "[t]here are no circumstances under which [p]laintiffs will be able to prove that Reliable Credit is a 'debt collector' under the FDCPA." Def.'s Mot. to Dism. 5. Specifically, Reliable contends that it is merely a creditor within the meaning of the statute because it is "a consumer finance company, not a company whose primary purpose is the collection of debts." Id. at 7. Accordingly, because the FDCPA governs only "debt collectors," Reliable argues that it cannot be held liable under the FDCPA. Reliable, however, failed to cite any case law in support of this argument.

The purpose of the FDCPA is "to eliminate abusive debt

Page 5 - OPINION AND ORDER

collection practices by debt collectors." 15 U.S.C. § 1692(e). Thus, to be liable under the FDCPA, a defendant must, as a threshold requirement, fall within the statutory definition of "debt collector." See Hulse v. Ocwen Fed. Bank, FSB, 195 F.Supp.2d 1188, 1203 (D.Or. 2002); see also Romine v. Diversified Collection Servs., 155 F.3d 1142, 1146 (9th Cir. 1998).

The FDCPA defines "debt collector" as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term, however, does not include "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was originated by such person." 15 U.S.C. § 1692a(6)(F).

On the other hand, the FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(5). Thus, a creditor is not subject to the FDCPA except when seeking to collect debts due to it under an assumed name. Id.; see also 15 U.S.C. § 1692a(6) (creditors qualify as a "debt collector" only where the creditor "uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts"); Brooks v.

Page 6 - OPINION AND ORDER

Citibank (South Dakota), N.A., 345 Fed.Appx. 260, 262 (9th Cir. 2009) (creditors are generally not liable under the FDCPA).

As an initial matter, it should be noted that plaintiffs' FDCPA claim is nothing more than a formulaic recitation of the elements. In their complaint, plaintiffs allege that Reliable "is a 'debt collector' as that term is defined by 15 U.S.C. § 1692a(6)." Plfs.' Complaint ¶ 6. Plaintiffs, however, failed to include any additional facts to support this allegation. See generally Plfs.' Complaint. Without facts demonstrating that Reliable's principal purpose is the collection of debts or that it regularly collects debts on behalf of third-parties, this allegation is merely a legal conclusion and is not entitled to the presumption of truth. See Ashcroft, 129 S.Ct. at 1951. As such, plaintiffs fail to allege a plausible claim for relief under the FDCPA. See Brooks, 345 Fed.Appx. at 262 (plaintiff's conclusory statement that defendant bank was a debt collector was insufficient to sustain a claim under the FDCPA).

Moreover, even if the allegations in the complaint are construed as sufficient, plaintiffs' FDCPA claim would still be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). To the extent that plaintiffs' complaint does contain factual allegations, these allegations support the conclusion that Reliable is a creditor. Here, it is undisputed that Reliable "originated" plaintiffs' debt, as plaintiffs allege that Reliable financed their car loan. See Plfs.' Complaint ¶ 8. It is further undisputed that when Reliable sought repossession of the vehicle after plaintiffs were no longer

Page 7 - OPINION AND ORDER

able to make sufficient loan repayments, it did so in its own name. Id. at ¶¶ 10-12. Plaintiffs' do not challenge Reliable's right to repossession; thus, while not explicitly stated, the Court presumes that the parties agreed that Reliable would have a security interest in the car, such that it would act as collateral in the event of default.

While this district has yet to examine the specific issue of whether a financing company who originates a debt qualifies as a debt collector or a creditor, it has held that enforcement of a security interest is different than debt collection:

> [t]he FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, [enforcement of a security interest] is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property.

Hulse, 195 F.Supp.2d at 1204. Based in this distinction, Hulse held that a party cannot be liable under the FDCPA for enforcement of a security interest. Id.

Here, the situation is analogous to Hulse; during the conflict that gave rise to this action, Reliable was attempting to enforce its security interest in plaintiffs' vehicle. As such, Reliable was "foreclosing on its interest in the property," and not, as plaintiffs argue, attempting to collect funds from the debtor.

Further, courts that have explicitly addressed this issue uniformly hold that financing agencies who originate the debt are creditors under the FDCPA. See Craig v. Park Financial of Broward County, Inc., 390 F.Supp.2d 1150, 1153-54 (M.D.Fla. 2005) (finance company that financed a car loan for plaintiffs, and then sought

Page 8 - OPINION AND ORDER

repayment of the loan, was a creditor and therefore not liable under the FDCPA); Santos v. U.S. Bank N.A., 716 F.Supp.2d 970, 981-82 (E.D.Cal. 2010) (finance company, as originating lender, was not a debt collector under the FDCPA); James v. Ford Motor Credit Co., 842 F.Supp. 1202, 1206-7 (D.Minn. 2004) ("finance companies which make loans to automobile purchasers do not have as their principal business purpose the collection of debts and they do not generally collect debts due to others" and, thus, cannot be liable under the FDCPA); Kizer v. Finance America Credit Corp., 454 F.Supp. 937, 939 (D.C.Miss. 1978) (finance company that provided a loan for plaintiff to purchase a mobile home was not a debt collector under the FDCPA). While not binding, I find these cases to be persuasive.

Therefore, I find that Reliable is not a "debt collector" within the meaning of the statute. Because plaintiffs are unable to establish this threshold requirement for liability under federal law, Reliable's motion to dismiss is granted and plaintiffs' FDCPA claim is dismissed.

### B. State Law Claims

Dismissal of federal claims does not automatically deprive a district court of subject matter jurisdiction over any supplemental claims. Carlsbad Tech., Inc. v. HIF Bio, Inc., 129 S.Ct. 1862, 1866 (2009). Rather, where a district court dismisses "all claims over which it has original jurisdiction," it may, in its discretion, "decline to exercise supplemental jurisdiction" over any pendent state law claims. 28 U.S.C. § 1367(c)(3); see also

Page 9 - OPINION AND ORDER

Lacey v. Maricopa Cnty., 2011 WL 2276198, *14 (9th Cir. June 9, 2011). Therefore, this Court in its discretion, declines to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. As such, plaintiffs' OUDCPA and false imprisonment claims are dismissed.

## CONCLUSION

Reliable's motion to dismiss (doc. 10) is GRANTED and all pending motions are denied as moot. In addition, plaintiffs' OUDCPA and false imprisonment state law claims are REMANDED to state court.

IT IS SO ORDERED.

Dated this 30th of September 2011.

_____
Ann Aiken
United States District Judge